# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>MIDDLE DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 4:23-cr-0021-CLM-SGC** |
| ) | |
| **MARCUS SPANEVELO** ) | |

## GOVERNMENT'S MOTION FOR A SCHEDULING ORDER
## AND TO SET A TRIAL DATE

The United States of America, by and through its attorneys, Daniel S. McBrayer, J. Alan Baty, and Brittney L. Plyler, Assistant United States Attorneys for the Northern District of Alabama, and Walter Perkel, Trial Attorney, Department of Justice Capital Case Section, of counsel, respectfully moves the Court to issue a scheduling order and set a trial date of April 5, 2027.

**I.   Relevant Procedural History:**

On September 16, 2025, the government filed a Superseding Indictment, charging the defendant with the death-eligible offense of Kidnapping Resulting in Death, in violation of 18 U.S.C. § 1201(a)(1) and including a Notice of Special Findings (Doc. No. 77). On October 5, 2025, the government filed its Notice of Intent to Seek the Death Penalty pursuant to 18 U.S.C. § 3593(a). On October 29, 2025, at a telephonic status conference, the Court ordered the parties to confer and develop a proposed joint scheduling order. That same day, the government provided

1

a copy of a scheduling order,[1] which had been referenced by the Court during the status conference, to defense counsel seeking feedback by November 10, 2025, and proposing that a joint order be filed on November 17, 2025. Defense counsel never responded. On November 14, 2025, the government provided a draft of its proposed scheduling order to defense counsel seeking any proposed edits by close of business, Wednesday, November 19, 2025. On Thursday, November 20, 2025, the government contacted defense counsel by phone, who represented that they would respond by Monday, November 24.

On Friday November 21, 2025, defense counsel notified the government of their opposition to the proposed scheduling order, citing an expected filing. Defense counsel stated that they expect to file a motion to strike the notice of intent to seek the death penalty by January 5, 2026. Defense counsel opposed a scheduling order in advance of their anticipated motion.

---

[1] The referenced scheduling order was from a non-death penalty case, *United States v. Patrick Devone Stallworth*, 2:20-CR-206-LSC-SGC.

## II. The Court Should Issue a Scheduling Order and Set a Trial Date.

### A. The Court Should Adopt the Government's Proposed Scheduling Order and Set a Trial Date to Protect the Defendant's Sixth Amendment Right to a Speedy Trial and to Effectuate the Speedy Trial Act.

The Sixth Amendment and the Speedy Trial Act require the government to provide the defendant with a speedy trial. The Sixth Amendment guarantees that "the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. Indeed, the Supreme Court has deemed the right to a speedy trial as "fundamental" to our system of justice. *Klopfer v. North Carolina*, 386 U.S. 213, 223-26 (1967) ("The history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution."). The Eleventh Circuit has held that society, just as much as the defendant, "has a strong interest in securing a speedy trial. A delayed trial causes backlog in the system; it increases the opportunity for the suspect to commit other crimes or try to escape while awaiting trial; and it impairs the goal of effective rehabilitation." *United States v. Vargas*, 97 F.4th 1277, 1286 (11th Cir. 2024), cert. denied, 145 S. Ct. 330 (2024) (internal citation omitted); See also *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995) ) ("[T]he public is the loser when a criminal trial is not prosecuted expeditiously, as suggested by the aphorism, 'justice delayed is justice denied.'").

Pursuant to the Sixth Amendment, the Court and the government "has a duty to make a diligent, good faith effort to bring an indicted defendant to trial promptly." *United States v. Hayes*, 40 F.3d 362, 365 (11th Cir. 1994). Indeed, the government has an "affirmative constitutional obligation to "try the defendant in a timely manner." *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006).

In the same vein, the Speedy Trial Act requires the government to bring a criminal defendant to trial within 70 days of their first appearance before a judicial officer or the filing of an indictment, whichever is later. See 18 U.S.C. § 3161 (c)(1). "Congress chose to safeguard [the Speedy Trial Clause] through the rigid procedural requirements of the Speedy Trial Act." *United States v. Ammar*, 842 F.3d 1203, 1212 – 13 (11th Cir. 2016).

Neither the Sixth Amendment nor the Speedy Trial Act require "unreasonable speed," which could "have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself." *United States v. Ewell*, 383 U.S. 116, 120 (1966). Rather, both recognize that "criminal cases vary widely and that there are valid reasons for greater delay in particular cases." *Zedner v. United States*, 547 U.S. 489, 497 (2006). "The speedy-trial right is amorphous, slippery, and necessarily relative" and "is consistent with delays and dependent upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (cleaned up). The right

to a speedy trial, however, is never peripheral or irrelevant (even where a defendant agrees to waive his rights by, for example, consenting to exclusions of time).

Here, the government moves the Court to adopt and issue its proposed scheduling order and set a trial date. The government does so not to rush the defendant to trial, but, rather, to comport fully with the Sixth Amendment and Speedy Trial Act. By issuing the scheduling order and setting a trial date, the Court will implement guideposts to keep this case on the path to a speedy and fair trial — a basic and most fundamental right underpinning our criminal justice system.

>    **B.    The Court Should Adopt the Government's Proposed Scheduling Order and Set a Trial Date to Protect the Victims' Rights under the CVRA.**

The Crime Victims' Rights Act ("CVRA") entitles victims to, inter alia, proceedings "free from unreasonable delay," 18 U.S.C. § 3771(a)(7), and gives them the right to be "reasonably heard" at any sentencing proceedings. 18 U.S.C. § 3771(a)(4). The CVRA further commands that "[t]he court shall ensure" that victims can realize their rights under the statute, § 3771(b)(1), while also directing prosecutors to make "best efforts" to accord victims their enumerated rights. 18 U.S.C. §3771(c)(1). Crime victims also enjoy the right to be "treated with fairness and with respect for their dignity and privacy." 18 U.S.C. § 3771(a)(8).

Here, the government's proposed scheduling order culminates with a trial beginning on April 5, 2027. This Court is duty bound to ensure that the victims'

5

rights to a trial "free from unreasonable delay" is realized. See 18 U.S.C. §§ 3771(a)(7) and 3771(b)(1). The victims' family and friends and the public should be made to wait no longer. The government's proposed scheduling order and trial date comport with the CVRA's important principles.

### C.  The Court Should Adopt the Government's Proposed Scheduling Order and Set a Trial Date to Ensure Neither Party is Prejudiced.

The government's proposed trial date of April 5, 2027, is reasonable, particularly because the government produced thorough, voluminous discovery to the defense in April 2025. Setting a trial date allows the Court to carry out its duty to protect all parties' rights pursuant to the Constitution and statutory law. Likewise, setting a comprehensive series of deadlines provides victims, witnesses, the community, the Court, and counsel for both parties, with a clear roadmap of things to be done, while also establishing a target date for the trial of this case.

In contrast, if the Court adopts the defense's position, the Court would be inviting delay. The defendant seeks to postpone a scheduling order until after the disposition of a motion the defense expects to file in January 2026. Such lack of certainty in a case of this import is untenable. The defense's position would likely result in a delay of, at the minimum, several months and may result in a court conflict for learned counsel, who stated that he has a trial scheduled for August 2027.

The government's proposed scheduling order, on the other hand, accounts for the defendant's anticipated motion. The proposed order schedules the defendant's motion to strike the notice of intent to seek the death penalty to be filed by May 11, 2026, along with other capital-specific motions. Such a schedule would provide a clear roadmap to trial while still allowing the defense a full opportunity to challenge the government's notice of intent to seek the death penalty.

A detailed scheduling order will give all interested persons, including the victim's family and the affected community, an understanding of when they may anticipate a trial in this case, as well as the litigation they may expect during the interim. By paving an unambiguous path toward trial, a scheduling order and trial date will assure all persons that this case continues to proceed in a timely and efficient manner. Issuing a comprehensive scheduling order and setting a trial date will also allow the Court and parties to allot appropriate time and resources to this case. For example, the government's scheduling order will permit the Court to reserve time for consideration of motions, hold potentially lengthy hearings, and prepare for jury selection and trial. That scheduling order will also allow the Court, court staff, attorneys, and witnesses to manage long-term calendars, providing notice to all of what is expected and when. It will also enable both parties to litigate disputes in a manageable fashion, prioritizing and focusing on issues as they arise in the schedule.

Put simply, the scheduling order abates the risk of unexpected continuances or delays by providing all parties a clear understanding of upcoming deadlines and events. Absent such deadline, the case risks meandering and prolonged litigation without regard to the expectations of the victims and community impacted by this case.

Further, the government's proposed scheduling order does not prejudice the defendant. Indeed, the defendant is afforded a full opportunity to challenge, among other things, the substantive charges in the indictment, the death penalty, the specific aggravating factors alleged in this case, and the government's evidence, all while protecting his Sixth Amendment right to a speedy trial. While certain motions may depend on the particular facts and circumstances of this case, the general categories of motions typically filed in a capital case are entirely foreseeable and a timetable for such litigation best serves the interests of all involved.

What is more, the government's proposed trial date is more than 60 months from the date of the defendant's crime; 51 months from the date of first Indictment; 19 months from the date of the Superseding Indictment, 23 months from production of substantial discovery; and a full 18 months from the filing of the Notice of Intent to Seek the Death Penalty.

Defense counsel, including learned counsel, have been representing the defendant since March 10, 2025. With the government's proposed scheduling order,

there is ample time to accomplish necessary tasks and, this time schedule is generally consistent with the average timeline in federal capital cases, including cases involving mass murders. *See United States v. Dylan Roof*, Case No. 15-cr-472 (D.S.C.) (court entered scheduling orders approximately 2 weeks after government's notice of intent to seek the death penalty and jury selection began 6 months after filing of the notice); *United States v. Dzhokhar Tsarnaev*, Case No. 13-cr-10200 (D. Mass.) (court entered scheduling order approximately 2 weeks after government's notice of intent to seek the death penalty and jury selection began approximately 12 months after filing of the notice); and *United States v. Council*, Case No. 17-cr-866 (D.S.C.) (court entered scheduling order approximately 7 weeks after government's notice of intent to seek the death penalty and jury selection began approximately 17 months after filing of notice).

In sum, establishing a scheduling order and setting a trial date at this juncture serves the interests of all involved. It, first and foremost, preserves the rights of the defendant, the victims, and the public in bringing prompt criminal proceedings. It also provides a clear roadmap for all involved as to what must be accomplished and when. It allows for full litigation of issues and ensures the efficient administration of justice. Finally, it protects the defendant's Constitutional and statutory right to a speedy trial and allows him to fully and fairly litigate anticipated issues. The government's proposed scheduling order, like those adopted in other federal death

penalty cases, is reasonable and ensures that this case proceeds to trial without unreasonable delay.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court adopt the government's proposed scheduling order and set a trial date of April 5, 2027.

Respectfully submitted on November 25, 2025.

                                                PRIM F. ESCALONA
                                               United States Attorney

                                               */s/Daniel S. McBrayer*
                                               DANIEL S. MCBRAYER
                                               J. ALAN BATY
                                               BRITTNEY L. PLYLER
                                               Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record in this case.

                                                  */s/Daniel S. McBrayer*
                                                  DANIEL S. MCBRAYER
                                                  Assistant United States Attorney