# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>MIDDLE DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No. 4:23-cr-0021-CLM-SGC** |
| ) | |
| **MARCUS SPANEVELO** ) | |

## <u>GOVERNMENT'S REPLY IN SUPPORT OF MOTION FOR A SCHEDULING ORDER AND TO SET A TRIAL DATE</u>

The United States of America, by and through its attorneys, Daniel S. McBrayer, J. Alan Baty, and Brittney L. Plyler, Assistant United States Attorneys for the Northen District of Alabama, and Walter Perkel, Trial Attorney, U.S. Department of Justice, replies to Defendant, Marcus Spanevelo's, Response to Government's Motion for Trial Date (Doc. 96).

In its Motion (Doc. No. 93), the government requests that trial commence April 5, 2027, a date designed to provide the parties approximately 18 months to prepare following the October 5, 2025, filing of the Notice of Intent to Seek the Death Penalty (Doc. 79 ("NOI")). Defendant opposes the request because he intends to request an order striking the NOI and wants the Court to address that motion before issuing a scheduling order. He suggests a January 5, 2026, deadline for his motion to strike, with additional briefing due in the ensuing 44 days. Defendant

1

asserts the Court can schedule trial in short order if it strikes the NOI,[1] but claims he cannot prepare a mitigation case by April 5, 2027, if the death penalty stands.

The government's proposed scheduling order, as previously indicated, contemplates a May 11, 2026, deadline for capital-specific pretrial motions, including defendant's anticipated motion to strike the NOI. Given Defendant's desire to resolve the validity of the NOI, and the centrality of that issue to other scheduling matters, the government attaches to this Reply an amended proposed scheduling order, setting a January 5, 2026, deadline for the motion to strike. The amended proposal preserves Defendant's interest in an expeditious resolution of his challenge to the NOI and the government's interest in maintaining a firm trial date and associated deadlines.

Delaying the trial setting to accommodate the motion to strike will likely result in unwarranted delay, given defense counsel's other obligations, specifically representation in another capital case trial scheduled for August 2027. Accordingly, delay here could invite unreasonable delay by extending litigation well into calendar year 2028. A delay of five years from the time of indictment appears especially inappropriate here, given that defense counsel implies a readiness to try the guilt phase within a matter of months of any order striking the NOI. *See* Doc. 96 at 6 n.2

---

[1] Defense counsel in a footnote references a prior court order in which this Court scheduled the trial to take place two months from the date of the order.

With respect to the defendant's claim that the April 5, 2027, trial date will not give defense counsel enough time to prepare his mitigation defense, the government notes that the proposed trial will occur more than 24 months after the appointment of learned counsel, 60 months after the crimes, and 18 months after the filing of the NOI. In his response, defense counsel states that he only obtained full access to discovery in September 2025, approximately six months after the initial production. Even crediting that assertion, the proposed schedule still leaves counsel 19 months to prepare for trial.

In sum, a scheduling order and trial date will preserve the rights of the defendant while serving the interests of the victims and the public and providing a clear roadmap for the efficient administration of justice. Accordingly, the government proposes an amended scheduling order that ensures that this case proceeds to trial without unreasonable haste or delay.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court adopt the amended proposed scheduling order and set a trial date of April 5, 2027.

Respectfully submitted on December 11, 2025.

                                        PRIM F. ESCALONA
                                      United States Attorney
                                      Northern District of Alabama

                                      */s/Daniel S. McBrayer*
                                      DANIEL S. MCBRAYER
                                      J. ALAN BATY
                                      BRITTNEY L. PLYLER
                                      Assistant United States Attorneys
                                      WALTER PERKEL
                                      Trial Attorney, DOJ Criminal Division

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorneys of record in this case.

<i>/s/Daniel S. McBrayer</i><br>
DANIEL S. MCBRAYER<br>
Assistant United States Attorney